IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROBERT BRANCH**                                                        **PLAINTIFF**

**VS.**                                     **CIVIL ACTION NO.: 4:23-CV-217-MPM-JMV**

**ILLINOIS CENTRAL RAILROAD**
**COMPANY**                                                                   **DEFENDANTS**

**ORDER GRANTING DEFENDANT'S AMENDED UNOPPOSED MOTION TO FILE UNDER SEAL EXHIBITS TO MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATIONS OR TO LIMIT PLAINTIFF'S EXPERT WITNESS TESTIMONY PURSUANT TO *DAUBERT***

This matter comes before the undersigned pursuant to Defendant's Unopposed Motion to File Under Seal Exhibits to Defendant's Motion to Strike Plaintiff's Expert Designations or to Limit Plaintiff's Expert Witness Testimony Pursuant to *Daubert*. [Dkt. 64].[1] The Court, having considered the arguments of the parties, as well as all files, records, and proceedings herein, find the Motion well taken and that Defendant's unopposed motion should be granted as explained hereafter.

Defendants filed their Motion to Strike Plaintiff's Expert Designations or to Limit Plaintiff's Expert Witness Testimony Pursuant to *Daubert* on October 24, 2024. The motion contains three placeholder exhibits, Exhibits C, D and E which correspond to the transcripts the parties seek to file under seal. The exhibits in question are three deposition transcripts from

---

[1] Defendants filed a Motion to File Under Seal Exhibits to Motion to Strike Plaintiff's Expert Designations or to Limit Plaintiff's Expert Witness Testimony Pursuant to *Daubert* on October 23, 2024. [Dkt 52]. (Hereinafter "Original Motion"). Defendants also filed a proposed order. [Dkt 53]. The original motion does not comply with Rule 79 of the Local Uniform Civil Rules governing Motions to Seal. L.U. Civ. R. 79. Defendants filed their current motion before the Court as an Amended Motion. Parties may amend their pleadings once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15. The Court finds the Original Motion [Dkt. 52] and proposed order moot. [Dkt. 53].

healthcare providers who treated Mr. Branch: Dr. Fawaz Abdrabbo, Ms. Stephanie Hodnett FNP, and Dr. Charles Nause. (hereinafter Abdrabbo Transcript, Hodnett Transcript and Nause Transcript respectively). Defendants seek to replace the placeholder exhibits with sealed copies: Exhibit C with the Nause Transcript, Exhibit D with the Hodnett Transcript and Exhibit E with the Abdrabbo Transcript. The transcripts contain extensive discussion of Plaintiff's confidential medical information.

Fundamentally "[j]udicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). Therefore, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). The Fifth Circuit Court of Appeals requires "a working presumption … that judicial records should not be sealed." *June Med. Servs., L.L.C., v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). The courts should exercise their discretion to seal judicial records "charily." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993). A court that considers sealing such records abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Binh Hoa Le*, 990 F.3d at 419 (quoting *Van Waeyenberghe*, 990 F.2d at 849).

Maintaining the public's right to access court records promotes "trustworthiness of the judicial process, … curb[s] judicial abuses, and … provide[s] the public with a more complete understanding of the judicial system, including a better perception of its fairness." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). Because of these interests, courts "heavily disfavor sealing information placed in the judicial record. *June Med. Servs*., 22 F.4th at 520-21 (citing

*Vantage Health Plan, Inc., v. Willis-Knighton Medical Center*, 913 F.3d 433, 450–51 (5th Cir. 2019)).

However, the public right to access is not absolute. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. The courts must balance the public's common law right of access against the private interests favoring nondisclosure.

Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Rule 79 instructs that "[a] statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." *Id*. Defendants cite to HIPAA as the statutory basis for sealing the medical records. The Fifth Circuit has recognized that "HIPAA generally provides for confidentiality of medical records." *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (citing 42 U.S.C. §§ 1320d-1 to d-7). Having review the three transcripts in camera, the Court agrees that they contain confidential information warranting their nondisclosure. Each transcript contains extensive discussion of Mr. Branch's medical history and any treatments or diagnoses he received from the three deposed medical providers. The Court finds that Mr. Brach's interests in protecting his private health information outweigh any interest the public has in accessing Mr. Branch's medical records or information. *See Dunigan v. Miss. Valley State Univ*., No. 4:19-CV-33-DMB-JMV, 2020 WL 2735396 at *2-3 (N.D. Miss. May 26, 2020).

While there is a general presumption against restriction, the matter before the court dictates that these exhibits be restricted from public access. *See United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017) (stating that "the judicial officer must consider alternatives to sealing the documents" which "ordinarily involves disclosing some of the

documents or giving access to a redacted version"). The exhibits in question, as previously stated, contain confidential medical information about the Plaintiff with little if any other information. Because the three transcripts cannot be meaningfully redacted and retain their meaning, restricted access to the court and parties of record is appropriate.

      It is therefore ordered that the Motion to File Under Seal Exhibits to Defendant's Motion to Strike Plaintiff's Expert Designations or to Limit Plaintiff's Expert Witness Testimony Pursuant to *Daubert* is hereby GRANTED. Defendant is directed to no later than November 1, 2024, email the three transcripts provided to this Court to the Clerk's Office at ecf_information@msnd.uscourts.gov so that they may be filed under seal in place of the current placeholders.

      **SO ORDERED**, this, the 30th day of October, 2024.

      /s/ Jane M. Virden
      **UNITED STATES MAGISTRATE JUDGE**